AGILITI HEALTH, INC., )
)
    Plaintiff, )     Case No. 1:25-cv-10467
)
v. )
)
RESILIENCE HEALTHCARE, et al., )
)
    Defendants. )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Resilience Healthcare -Weiss Memorial Hospital, LLC, Resilience Healthcare – West Suburban Medical Center, LLC, and AUM Global Healthcare Management, LLC d/b/a Resilience Healthcare hereby answer Plaintiff's Agiliti Health, Inc.'s Complaint as follows:

### NATURE AND DESCRIPTION OF ACTION

1. This is a breach of contract action for damages due to the Defendants' failure to make lease payments for medical equipment, and to pay fees for maintaining and servicing it.

**ANSWER: Defendants admit that Plaintiff filed this complaint, and that the complaint speaks for itself, but deny the material allegations therein.**

### JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

**ANSWER: Defendants admit the allegations in Paragraph 2.**

3. Agiliti is a Delaware corporation with its principal place of business in Minnesota.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3.**

4. Upon information and belief, defendant Weiss's sole member is Resilience.

**ANSWER: Defendants admit the allegations in Paragraph 4.**

5. Upon information and belief, Resilience is also West's sole member.

**ANSWER: Defendants admit the allegations in Paragraph 5.**

6. Upon information and belief, Resilience's sole member is Manoj Prasad.

**ANSWER: Defendants deny the allegations in Paragraph 6.**

7. Mr. Prasad is a citizen of California.

**ANSWER: Defendants deny the allegations in Paragraph 7.**

8. Mr. Prasad is not a citizen of Minnesota or Delaware.

**ANSWER: Defendants admit the allegations in Paragraph 8.**

9. Upon information and belief, none of the Defendants' members, through every organizational lawyer, are citizens of Delaware or Minnesota.

**ANSWER: Defendants admit the allegations in Paragraph 9.**

10. Personal jurisdiction over Weiss is proper because its principal place of business is in Illinois.

**ANSWER: Defendants admit the allegations in Paragraph 10.**

11. Personal jurisdiction over West is proper because its principal place of business is in Illinois.

**ANSWER: Defendants admit the allegations in Paragraph 11.**

12. Personal jurisdiction over Resilience is proper because its principal place of business is in Illinois.

**ANSWER: Defendants admit the allegations in Paragraph 12.**

13. Venue is proper under 28 U.S.C. § 1391(b) because the Defendants' principal places of business are in this District.

**ANSWER: Defendants admit the allegations in Paragraph 13.**

14. In addition, the events giving rise to this action occurred in this District, including the delivery of medical equipment, and the equipment maintenance and repair services at issue.

**ANSWER: Defendants admit the allegations in Paragraph 14.**

## FACTUAL BACKGROUND

15. Agiliti leases medical equipment to hospitals and also provides equipment maintenance and repair services.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore, deny same.**

16. Weiss is a general hospital.

**ANSWER: Defendants object that the term "general hospital" is vague and not defined. Subject to and without waiving the aforementioned objection, Defendants admit that Weiss is a hospital.**

17. West is a general medical and surgical facility.

**ANSWER: Defendants object that the term "general medical and surgical facility" is vague and not defined. Subject to and without waiving the aforementioned objection, Defendants admit that West is a facility that provided medical and surgical services.**

18.     Resilience owns and operates Weiss and West.

**ANSWER:    Defendants object to the term "operates" as vague and not defined. Subject to and without waiving the aforementioned objection, Defendants admit the allegations in Paragraph 18.**

**1.      The BioMed360 Agreement**

19.     In September 2019, Weiss and West signed a contract entitled BioMed360 Agreement (the "BioMed Agreement") under which Agiliti agreed to provide equipment safety, maintenance, and repair services.

**ANSWER:    Defendants admit that they executed the contracts attached to the Complaint, and state that the contracts speak for themselves. To the extent the allegations are contradicted by the contracts, they are denied.**

20.     In exchange, Weiss and West agreed to remit payment to Agiliti for the services rendered at an agreed rate.

**ANSWER:    Defendants state that the above allegation refers to contracts that speak for themselves, and to the extent the allegations are contradicted by the contracts, they are denied.**

21.     An authentic copy of the BioMed Agreement is attached as Exhibit A.

**ANSWER:    Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

22.     Agiliti, Weiss, and West amended the BioMed Agreement three times.

**ANSWER:    Defendants admit the allegations in Paragraph 22.**

23.     After a change in ownership, the third amendment made all three Defendants, as named in the caption, parties to the Biomed Agreement.

**ANSWER:** **Defendants deny the allegations in Paragraph 23.**

24. Authentic copies of the amendments are attached as Exhibits B, C and D.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

**2.** **The West Supplemental Equipment Services Agreement**

25. In April 2020, West signed a Supplemental Equipment Services Agreement (the "West SESA") under which Agiliti agreed to provide equipment safety, maintenance, and repair services.

**ANSWER:** **Defendants admit that West executed the aforementioned Agreement, and state that the document speaks for itself. To the extent the allegations are contradicted by the Agreement, they are denied.**

26. In exchange, West agreed to remit payments to Agiliti for the services rendered at an agreed rate.

**ANSWER:** **Defendants state that the above allegation refers to a document that speaks for itself, and to the extent the allegations are contradicted by the document, they are denied.**

27. An authentic copy of the West SESA is attached as Exhibit E.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

28. Agiliti and West amended the West SESA once.

**ANSWER:** **Defendants admit the allegations in Paragraph 28.**

29. An authentic copy of the amendment is attached as Exhibit F.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth**

or falsity of the authenticity of the attached document.

**3.      The Weiss Supplemental Equipment Services Agreement**

30.      In November 2020, Weiss signed a Supplemental Equipment Services Agreement (the "Weiss SESA") under which Agiliti agreed to provide equipment safety, maintenance, and repair services.

**ANSWER:     Defendants admit that Weiss executed the aforementioned Agreement, and state that the document speaks for itself. To the extent the allegations are contradicted by the Agreement, they are denied.**

31.      In exchange, Weiss agreed to remit payments to Agiliti for the services rendered at an agreed rate.

**ANSWER:     Defendants state that the above allegation refers to a document that speaks for itself, and to the extent the allegations are contradicted by the document, they are denied.**

32.      An authentic copy of the Weiss SESA is attached as Exhibit G.

**ANSWER:     Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

33.      Agiliti and Weiss amended the Weiss SESA once.

**ANSWER:     Defendants admit the allegations in Paragraph 33.**

34.      An authentic copy of the amendment is attached as Exhibit H.

**ANSWER:     Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

**4.      The Onsite Managed Program Services Agreement**

35.      In June 2024, West signed an Onsite Managed Program Services Agreement (the

"Onsite Agreement") under which Agiliti agreed to provide equipment safety, maintenance, and repair services.

**ANSWER:** **Defendants admit that West executed the aforementioned Agreement, and state that the document speaks for itself. To the extent the allegations are contradicted by the Agreement, they are denied.**

36. In exchange, West agreed to remit payments to Agiliti for the services rendered at an agreed rate.

**ANSWER:** **Defendants state that the above allegation refers to a document that speaks for itself, and to the extent the allegations are contradicted by the document, they are denied.**

37. An authentic copy of the Onsite Agreement is attached as Exhibit I.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

**5.     West's Breach of the Agiliti Invoices**

38. Between November 2024 and July 2025, Agiliti issued invoices to West (the "Agiliti West Invoices") for the price of medical equipment leased, and equipment repair services performed at West's request.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore deny same.**

39. An authentic copy of the Agiliti West Invoices is attached as Exhibit J.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

40. West ordered the goods and services identified in the Agiliti West Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 40.**

41. The goods and services identified in the Agiliti West Invoices were provided at the location(s) West requested.

**ANSWER:** **Defendants deny the allegations in Paragraph 41.**

42. West accepted the goods and services identified in the Agiliti West Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 42.**

43. West did not pay the price of the Agiliti West Invoices.

**ANSWER:** **Defendants admit the allegations in Paragraph 43.**

44. West received the Agiliti West Invoices at or around the time of the invoice dates.

**ANSWER:** **Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore deny same.**

45. There were no defects or deficiencies in any of the goods or services identified on the Agiliti West Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 45.**

46. West has no documents showing there were any defects or deficiencies in any of the goods or services listed on the Agiliti West Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 46.**

47. West did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) in writing of any defects or deficiencies in any of the goods or services identified on the Agiliti

West Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 47.**

48. West did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) verbally of any defects or deficiencies in any of the goods or services identified on the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants deny the allegations in Paragraph 48.**

49. West has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) of any defects or deficiencies in any of the goods or services identified on the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 49.**

50. The goods identified in the Agiliti West Invoices are not capable of being returned to Agiliti in substantially the same condition as they were in when they were delivered.

**ANSWER: Defendants deny the allegations in Paragraph 50.**

51. West had an opportunity to inspect the goods and services identified in the Agiliti West Invoices when they were provided.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore, deny same.**

52. West did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it was rejecting any of the goods or services identified in the Agiliti West Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 52.**

53. West did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) verbally that it was rejecting any of the goods or services identified in the Agiliti West Invoices before this case was filed.

**ANSWER:** **Defendants deny the allegations in Paragraph 53.**

54. West has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) it was rejecting any of the goods or services identified in the Agiliti West Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 54.**

55. West did not object in writing to any of the terms of the Agiliti West Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the**

**allegations in Paragraph 56.**

56. West has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) of any objections to the terms of the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 56.**

57. West did not object verbally to any of the terms of the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants deny the allegations in Paragraph 57.**

58. West never notified Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods and services identified in the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 58.**

59. West has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) that it had breached any express or implied warranty with respect to any of the goods and services identified in the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing.**

**Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 59.**

60. West never notified Agiliti (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants deny the allegations in Paragraph 60.**

61. West never made any efforts to return any of the goods identified in the Agiliti West Invoices to Agiliti (or any of its affiliates, subsidiaries, or employees).

**ANSWER: Defendants deny the allegations in Paragraph 61.**

62. West has no documents showing it made any efforts to return any of the goods identified in the Agiliti West Invoices to Agiliti (or any of its affiliates, subsidiaries, or employees).

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 62.**

63. West never denied liability for the amount of the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants deny the allegations in Paragraph 63.**

64. West has no documents showing it gave Agiliti (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Agiliti West Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings**

**stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 64.**

65. Pursuant to the Agiliti West Invoices, payment of $1,371,084.79 was due between December 2024 and August 2025.

**ANSWER: Defendants state that the above allegations refer to a document that speaks for itself, to the extent the allegations are contradicted by the document, they are denied.**

66. An authentic copy of Agiliti's statement of account identifying the unpaid balance of the Agiliti Invoices is attached as Exhibit K.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

67. West has not paid any of the amounts indicated as being outstanding on the statement of account.

**ANSWER: Defendants deny the allegations in Paragraph 67.**

68. West is also still in possession of medical equipment that belongs to Agiliti.

**ANSWER: Defendants deny the allegations in Paragraph 68.**

69. All conditions precedent to the filing of this action by Agiliti against West have occurred or been performed.

**ANSWER: Defendants deny the allegations in Paragraph 69.**

70. West is liable to Agiliti in an amount to be determined at trial but in no event less than $1,371,084.79, plus late charges of 18% per annum, together with Agiliti's attorneys' fees and expenses.

**ANSWER:** **Defendants deny the allegations in Paragraph 70.**

**6.** **Weiss's Breach of the Agiliti Invoices**

71. Between October 2024 and July 2025, Agiliti issued invoices to Weiss (the "Agiliti Weiss Invoices") for the price of medical equipment leased, and equipment repair services performed at Weiss's request.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore deny same.**

72. An authentic copy of the Agiliti Weiss Invoices is attached as Exhibit L.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

73. Weiss ordered the goods and services identified in the Agiliti Weiss Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 73.**

74. The goods and services identified in the Agiliti Weiss Invoices were provided at the location(s) Weiss requested.

**ANSWER:** **Defendants deny the allegations in Paragraph 74.**

75. Weiss accepted and used the goods and services identified in the Agiliti Weiss Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 75.**

76. Weiss did not pay the price of the Agiliti Weiss Invoices.

**ANSWER:** **Defendants admit the allegations in Paragraph 76.**

77. Weiss received the Agiliti Weiss Invoices at or around the time of the invoice dates.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth**

**or falsity of the allegations in Paragraph 77, and therefore, deny same.**

78. There were no defects or deficiencies in the goods and services identified in the Agiliti Weiss Invoices.

**ANSWER: Defendants deny the allegations in Paragraph 78.**

79. Weiss has no documents showing there were any defects or deficiencies in any of the goods or services identified on the Agiliti Weiss Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 79.**

80. Weiss did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) in writing of any defects or deficiencies in any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 80.**

81. Weiss did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) verbally of any defects or deficiencies in any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER: Defendants deny the allegations in Paragraph 81.**

82. Weiss has no documents showing it notified Agiliti (or any of its affiliates,

subsidiaries, or employees) of any defects or deficiencies in any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 82.**

83. The goods identified in the Agiliti Weiss Invoices are not capable of being returned to Agiliti in substantially the same condition as they were in when they were delivered.

**ANSWER: Defendants deny the allegations in Paragraph 83.**

84. Weiss had an opportunity to inspect the goods and services identified in the Agiliti Weiss Invoices when they were provided.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 84, and therefore, deny same.**

85. Weiss did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it was rejecting any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 85.**

86. Weiss did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) verbally that it was rejecting any of the goods and services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants deny the allegations in Paragraph 86.**

87. Weiss has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) it was rejecting any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 87.**

88. Weiss did not object in writing to any of the terms of the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 88.**

89. Weiss has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) of any objections to any of the terms of the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 89.**

90. Weiss did not object verbally to any of the terms of the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants deny the allegations in Paragraph 90.**

91.     Weiss never notified Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 91.**

92.     Weiss has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods or services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 92.**

93.     Weiss never notified Agiliti (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Agiliti Weiss Invoices before this case was filed.

**ANSWER:** **Defendants deny the allegations in Paragraph 93.**

94.     Weiss never made any efforts to return any of the goods identified in the Agiliti Weiss Invoices to Agiliti.

**ANSWER:** **Defendants deny the allegations in Paragraph 94.**

95.     Weiss has no documents showing it made any efforts to return any of the goods identified in the Agiliti Weiss Invoices to Agiliti.

**ANSWER:     Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 95.**

96.     Weiss never denied liability for the amount of the Agiliti Weiss Invoices before this case was filed.

**ANSWER:     Defendants deny the allegations in Paragraph 96.**

97.     Weiss has no documents showing it gave Agiliti (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Agiliti Weiss Invoices before this case was filed.

**ANSWER:     Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 97.**

98.     Under the Agiliti Weiss Invoices, payment of $1,107,049.30 was due between November 2024 and August 2025.

**ANSWER:     Defendants state that the above allegations refer to a document that speaks for itself, to the extent the allegations are contradicted by the document, they are denied.**

99.     An authentic copy of Agiliti's statement of account identifying the unpaid balance of the Agiliti Weiss Invoices is attached as Exhibit M.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 99.**

100. Weiss has not paid any of the amounts listed as being outstanding on the statement of account.

**ANSWER:** **Defendants deny the allegations in Paragraph 100.**

101. Weiss is also still in possession of medical equipment that belongs to Agiliti.

**ANSWER:** **Defendants deny the allegations in Paragraph 101.**

102. All conditions precedent to the filing of this action by Agiliti against Weiss have occurred or been performed.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 102, and therefore, deny same.**

103. Weiss is liable for payment of the Agiliti Weiss Invoices in an amount to be determined at trial but in no event less than $1,107,049.30, plus late charges of 18% per annum, together with attorneys' fees and expenses.

**ANSWER:** **Defendants deny the allegations in Paragraph 103.**

**7.** **West's Breach of the Agiliti Surgical Invoices**

104. Between April 2024 and February 2025, Agiliti Surgical, Inc. ("Agiliti Surgical") issued invoices to West (the "Surgical Invoices") for the price of medical services performed at West's request.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 104, and therefore, deny same.**

105. An authentic copy of the Surgical Invoices is attached as Exhibit N.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth**

**or falsity of the authenticity of the attached document.**

106.    West ordered the services identified in the Surgical Invoices.

**ANSWER:    Defendants deny the allegations in Paragraph 106.**

107.    West accepted the services identified in the Surgical Invoices.

**ANSWER:    Defendants deny the allegations in Paragraph 107.**

108.    West did not pay the price of the Surgical Invoices.

**ANSWER:    Defendants admit the allegations in Paragraph 108.**

109.    There were no deficiencies in the services identified in the Surgical Invoices.

**ANSWER:    Defendants deny the allegations in Paragraph 109.**

110.    West has no documents showing there were any deficiencies in any items listed on the Surgical Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:    Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 110.**

111.    West did not notify Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) in writing of any deficiencies in any of the services identified in the Surgical Invoices before this case was filed.

**ANSWER:    Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 111.**

112.     West did not notify Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) verbally of any deficiencies in any of the services identified in the Surgical Invoices before this case was filed.

**ANSWER:     Defendants deny the allegations in Paragraph 112.**

113.     West has no documents showing it notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) of any deficiencies in any of the services identified in the Surgical Invoices before this case was filed.

**ANSWER:     Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 113.**

114.     West had an opportunity to inspect the services identified in the Surgical Invoices when they were provided.

**ANSWER:     Defendants lack sufficient information to form a belief as to the truth or falsity the allegations in Paragraph 114, and therefore, deny same.**

115.     West did not object in writing to any of the terms of the Surgical Invoices before this case was filed.

**ANSWER:     Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 115.**

116.     West did not object verbally to any of the terms of the Surgical Invoices before this case was filed.

**ANSWER:** Defendants deny the allegations in Paragraph 116.

117. West never notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 117.**

118. West never notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:** Defendants deny the allegations in Paragraph 118.

119. West never denied liability for the amount of the Surgical Invoices before this case was filed.

**ANSWER:** Defendants deny the allegations in Paragraph 119.

120. West has no documents showing it gave Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Surgical Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 120.**

121. Under the Surgical Invoices, payment of $2,209.00 was due between May 2024

and April 2025.

**ANSWER:** **Defendants state that the above allegation refers to a document that speaks for itself, and to the extent the allegations are contradicted by the document, they are denied.**

122. An authentic copy of Agiliti Surgical's statement of account identifying the unpaid balance of the Surgical Invoices is attached as Exhibit O.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

123. West has not paid any of the amount indicated as being outstanding on the statement of account.

**ANSWER:** **Defendants deny the allegations in Paragraph 123.**

124. All conditions precedent to the filing of this action by Agiliti Surgical against West have occurred or been performed.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 124, and therefore, deny same.**

125. West is liable for payment of the Surgical Invoices in an amount to be determined at trial but in no event less than $2,209.00, plus late charges of 18% per annum, together with attorneys' fees and expenses.

**ANSWER:** **Defendants deny the allegations in Paragraph 125.**

**8.** **West's Breach of the Agiliti Repair Invoices**

126. In January 2025, Agiliti Surgical Equipment Repair, Inc. ("Agiliti Repair") issued invoices to West (the "Repair Invoices") for the price of surgical equipment repair services performed at West's request.

**ANSWER:** Defendants state that the above paragraph refers to a document that speaks for itself, and to the extent the allegations are contrary to the document, they are denied.

127. An authentic copy of the Repair Invoices is attached as Exhibit P.

**ANSWER:** Defendants lack sufficient information as to the truth or falsity of the authenticity of the attached document.

128. West ordered the services identified in the Repair Invoices.

**ANSWER:** Defendants deny the allegations in Paragraph 128.

129. West accepted the services identified in the Repair Invoices.

**ANSWER:** Defendants deny the allegations in Paragraph 129.

130. West did not pay the price of the Repair Invoices.

**ANSWER:** Defendants admit the allegations in Paragraph 130.

131. West received the Repair Invoices at or around the time of the invoice date.

**ANSWER:** Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 131, and therefore, deny same.

132. There were no deficiencies in the services identified in the Repair Invoices.

**ANSWER:** Defendants deny the allegations in Paragraph 132.

133. West has no documents showing there were any deficiencies in any items listed on the Repair Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:** Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the

**allegations in Paragraph 133.**

134. West did not notify Agiliti Repair (or any of its affiliates, subsidiaries, or employees) in writing of any deficiencies in any of the services identified in the Repair Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 134.**

135. West did not notify Agiliti Repair (or any of its affiliates, subsidiaries, or employees) verbally of any deficiencies in any of the services identified in the Repair Invoices before this case was filed.

**ANSWER: Defendants deny the allegations in Paragraph 135.**

136. West has no documents showing it notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) of any deficiencies in any of the services identified in the Repair Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 136.**

137. West had an opportunity to inspect the services identified in the Repair Invoices when they were provided.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 137.**

138.     West did not object in writing to any of the terms of the Repair Invoices before this case was filed.

**ANSWER:     Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 138.**

139.     West did not object verbally to any of the terms of the Repair Invoices before this case was filed.

**ANSWER:     Defendants deny the allegations in Paragraph 139.**

140.     West never notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the services identified in the Repair Invoices before this case was filed.

**ANSWER:     Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 140.**

141.     West never notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the services identified in the Repair Invoices before this case was filed.

**ANSWER:     Defendants deny the allegations in Paragraph 141.**

142.     West never denied liability for the amount of the Repair Invoices before this case was filed.

**ANSWER:     Defendants deny the allegations in Paragraph 142.**

143. West has no documents showing it gave Agiliti Repair (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Repair Invoices before this case was filed.

**ANSWER: Defendants object to this allegation as premature at the pleadings stage where Defendants have not had the benefit of discovery and investigation is ongoing. Subject to and without waiving the aforementioned objection, Defendants deny the allegations in Paragraph 143.**

144. Under the Repair Invoices, payment of $3,738.76 was due in February 2025.

**ANSWER: Defendants state that the above paragraph refers to a document that speaks for itself, and to the extent the allegations are contrary to the document, they are denied.**

145. An authentic copy of Agiliti Repair's statement of account identifying the unpaid balance of the Repair Invoices is attached as Exhibit Q.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the authenticity of the attached document.**

146. West has not paid any of the amount indicated as being outstanding on the statement of account.

**ANSWER: Defendants deny the allegations in Paragraph 146.**

147. West is liable for payment of the Repair Invoices in an amount to be determined at trial but in no event less than $3,738.76, plus late charges of 18% per annum, together with attorneys' fees and expenses.

**ANSWER: Defendants deny the allegations in Paragraph 147.**

148. All conditions precedent to the filing of this action by Agiliti Repair against West

have occurred or been performed.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 148, and therefore, deny same.**

**9. Assignment of Rights**

149. On August 26, 2025, Agiliti Surgical and Agiliti Repair assigned their contractual rights against Weiss, West, and Resilience to Plaintiff, Agiliti Health, Inc.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 149.**

## COUNT 1

### (Breach of Contract against Weiss)

150. Agiliti repeats the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER: Defendants reincorporate their responses as if fully set forth herein.**

151. The Agiliti Weiss Invoices are valid and enforceable written contracts.

**ANSWER: Defendants deny the allegations in Paragraph 151.**

152. Weiss materially breached the terms of the Agiliti Weiss Invoices by failing to pay them in full when due.

**ANSWER: Defendants deny the allegations in Paragraph 152.**

153. Weiss is liable for the total of the Agiliti Weiss Invoices in an amount to be determined at trial, but in no event less than $1,107,049.30 plus late charges of 18% per annum, together with Agiliti's reasonable attorneys' fees and expenses.

**ANSWER: Defendants deny the allegations in Paragraph 153.**

## COUNT 2

29

**(Breach of Contract against West)**

154.     Agiliti repeats the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:     Defendants reincorporate their responses as if fully set forth herein.**

155.     The Agiliti West Invoices, Surgical Invoices, and Repair Invoices are valid and enforceable written contracts.

**ANSWER:     Defendants deny the allegations in Paragraph 155.**

156.     West materially breached the terms of the Agiliti West Invoices, Surgical Invoices, and Repair Invoices by failing to pay them in full when due.

**ANSWER:     Defendants deny the allegations in Paragraph 156.**

157.     West is liable for the total of the Agiliti West Invoices, Surgical Invoices, and Repair Invoices in an amount to be determined at trial, but in no event less than $1,377,032.55 plus late charges of 18% per annum, together with Agiliti's reasonable attorneys' fees and expenses.

**ANSWER:     Defendants deny the allegations in Paragraph 157.**

## COUNT 3

**(Breach of Contract against Resilience)**

158.     Agiliti repeats the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:     Defendants reincorporate their responses as if fully set forth herein.**

159.     The Agiliti Weiss Invoices, Agiliti West Invoices, Surgical Invoices, and Repair Invoices are valid and enforceable written contracts.

**ANSWER:     Defendants deny the allegations in Paragraph 159.**

160.     Resilience materially breached the terms of the Agiliti Weiss Invoices, Agiliti West Invoices, Surgical Invoices, and Repair Invoices by failing to pay them in full when due.

**ANSWER:     Defendants deny the allegations in Paragraph 160.**

161.     Resilience is liable for the total of the Agiliti Weiss Invoices, Agiliti West Invoices, Surgical Invoices, and Repair Invoices in an amount to be determined at trial, but in no event less than $2,484,081.85 plus late charges of 18% per annum, together with Agiliti's reasonable attorneys' fees and expenses.

**ANSWER:     Defendants deny the allegations in Paragraph 161.**

<u>**COUNT 4**</u>

**(Account Stated against Weiss)**

162.     Agiliti repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:     Defendants reincorporate their responses as if fully set forth herein.**

163.     Weiss expressly agreed to pay the Agiliti Weiss Invoices by accepting the goods and services identified in the invoices.

**ANSWER:     Defendants deny the allegations in Paragraph 163.**

164.     In June 2025, Agiliti sent correspondence to Steward seeking payment of the full balance owed by Weiss.

**ANSWER:     Defendants lack sufficient information to form a belief as to the truth or falsity the allegations in Paragraph 164.**

165.     Agiliti and its assignors sent monthly invoices to Weiss for the goods and services identified in the Agiliti Weiss Invoices.

**ANSWER:     Defendants lack sufficient information to form a belief as to the truth**

31

**or falsity of the allegations in Paragraph 165.**

166. Weiss failed to reject or object to any of the Agiliti Weiss Invoices.

**ANSWER: Defendants deny the allegations in Paragraph 166.**

167. Contemporaneous with providing the goods and services identified in the Agiliti Weiss Invoices, Agiliti and its assignors submitted a statement of account to Weiss for the balance owed.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 167.**

168. Weiss retained the statements of account without objection.

**ANSWER: Defendants deny the allegations in Paragraph 168.**

169. Weiss expressly or impliedly acknowledged the correctness of the balance owed for the goods and services identified in the Agiliti Weiss Invoices.

**ANSWER: Defendants deny the allegations in Paragraph 169.**

170. Agiliti and its assignors have stated an account against Weiss in the amount of $1,107,049.30, plus late fees assessed at 18% per annum.

**ANSWER: Defendants deny the allegations in Paragraph 170.**

<u>**COUNT 5**</u>

**(Account Stated against West)**

171. Agiliti repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER: Defendants reincorporate their responses as if fully set forth herein.**

172. West expressly agreed to pay the Agiliti West Invoices, Surgical Invoices, and Repair Invoices by accepting the goods and services identified in the invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 172.**

173.    In June 2025, Agiliti sent correspondence to Steward seeking payment of the full balance owed by West.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 173.**

174.    Agiliti and its assignors sent monthly invoices to West for the goods and services identified in the Agiliti West Invoices, Surgical Invoices, and Repair Invoices.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 174.**

175.    West failed to reject or object to any of the Agiliti West Invoices, Surgical Invoices, and Repair Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 175.**

176.    Contemporaneous with providing the goods and services identified in the Agiliti West Invoices, Surgical Invoices, and Repair Invoices, Agiliti and its assignors submitted a statement of account to West for the balance owed.

**ANSWER:** **Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 176.**

177.    West retained the statements of account without objection.

**ANSWER:** **Defendants deny the allegations in Paragraph 177.**

178.    West expressly or impliedly acknowledged the correctness of the balance owed for the goods and services identified in the Agiliti West Invoices, Surgical Invoices, and Repair Invoices.

**ANSWER:** **Defendants deny the allegations in Paragraph 178.**

179.     Agiliti and its assignors have stated an account against West in the amount of $1,377,032.55, plus late fees assessed at 18% per annum.

**ANSWER:     Defendants deny the allegations in Paragraph 179.**

## COUNT 6

**(Right to repossess equipment under 810 ILCS 5/2A–525 against all Defendants)**

180.     Agiliti repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:     Defendants reincorporate their responses as if fully set forth herein.**

181.     The Agiliti Weiss Invoices, Agiliti West Invoices, Surgical Invoices, and Repair Invoices are valid and enforceable written contracts.

**ANSWER:     Defendants deny the allegations in Paragraph 181.**

182.     Pursuant to 810 ILCS 5/2A–525, an event of default permits Agiliti to take possession of its equipment on the Defendants' property.

**ANSWER:     Defendants state that the above paragraph refers to a statute that speaks for itself, and to the extent the law is contrary to the allegations, they are denied.**

183.     The Defendants are in default of their obligations under the Agiliti Weiss Invoices, Agiliti West Invoices, Surgical Invoices, and Repair Invoices by failing to make payments when due.

**ANSWER:     Defendants deny the allegations in Paragraph 183.**

184.     Agiliti is entitled to take possession of its equipment from the Defendants.

**ANSWER:     Defendants deny the allegations in Paragraph 184.**

**COUNT 7**

**(Declaratory Judgment against the Defendants)**

185. Agiliti repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER: Defendants reincorporate their responses as if fully set forth herein.**

186. The BioMed Agreement is a valid and enforceable written contract between Agiliti and the Defendants.

**ANSWER: Defendants deny the allegations in Paragraph 186.**

187. On June 1, 2025, Agiliti sent a termination notice to Resilience concerning the Defendants' breach of the BioMed Agreement.

**ANSWER: Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 187.**

188. The Defendants failed to cure their breach of contract by refusing to pay the outstanding balance owed in full within thirty (30) days of receipt of the termination notice.

**ANSWER: Defendants deny the allegations in Paragraph 188.**

189. Agiliti is entitled to a declaratory judgment that the BioMed Agreement has been validly terminated and is of no further force or effect.

**ANSWER: Defendants deny the allegations in Paragraph 189.**

**AFFIRMATIVE DEFENSES**

Resilience Healthcare -Weiss Memorial Hospital, LLC, Resilience Healthcare – West Suburban Medical Center, LLC, and AUM Global Healthcare Management, LLC d/b/a Resilience Healthcare state the following as affirmative defenses:

35

## First Affirmative Defense
(Lack of standing)

Plaintiff Agiliti Health, Inc., lacks standing to bring this claim. Agiliti Health, Inc. is not a party to any of the Agiliti Surgical, Inc. or Agiliti Repair, Inc. contracts. To the extent Agiliti Surgical and Agiliti Repair purport to have assigned those rights to Agiliti Health, Inc., that assignment is invalid.

## Second Affirmative Defense
(Impossibility)

Defendants were precluded from performing due to impossibility.

## Third Affirmative Defense
(Condition Precedent)

Defendants were precluded from performing due to failure of a condition precedent. Plaintiff failed to give proper notice and opportunity to cure to Defendants.

## Third Affirmative Defense
(Force Majeure)

Defendants were precluded from performing due to a force majeure (government action) that made performance impossible and/or impracticable.

Dated:   October 20, 2025                    Respectfully submitted,

Resilience Healthcare -Weiss Memorial Hospital, LLC, Resilience Healthcare – West Suburban Medical Center, LLC, and AUM Global Healthcare Management, LLC d/b/a Resilience Healthcare

By: /s/ Steven P. Mandell

Steven P. Mandell (ARDC #6183729) (smandell@mandellmenkes.com)
Bryan G. Lesser (ARDC #6330021) (blesser@mandellmenkes.com)
MANDELL MENKES LLC
1 N. Franklin Street, Suite 900
Chicago, IL 60606
Telephone: (312) 251-1000
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a copy of the foregoing document has been served on October 20, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

<u>/s/ Steven P. Mandell</u>